## SALTMARSH and BECK v. EVANS.

In original attachment, plaintiff's bond, conditioned to prosecute the
attachment to effect, and pay the defendant all such damages as he
may sustain by the wrongful or vexatious suing out such attachment,
is sufficient.

SALTMARSH and BECK sued out an original attach-
ment against Evans, as a non-resident, returnable to the
Circuit Court of Wilcox county. The bond was condi-
tioned to prosecute the attachment to effect, and to pay
to Evans all such damages as he might sustain by the
wrongful or vexatious suing out of the attachment. The
Circuit Court quashed the attachment on the ground,
that the bond was not conformable to the statute. The
plaintiff's prosecuted a writ of error to this Court.

GORDON, for plaintiff.

H. G. PERRY, for defendant in error.

The CHIEF JUSTICE delivered the opinion of the
Court.

IN cases of original attachment, it is believed to be the
imperious duty of the Court, to look through the whole
proceedings, and quash if they are not in strict confor-
mity to the statute.   In the first statute on this subject,
there is a material difference as to the bond to be taken in
a case returnable into the Superior, or Inferior Courts of
the Mississippi Territory, and a case cognizable by a
justice of the peace.   The act of 1814 was intended to
consolidate the several laws on the subject.   The fifth
section of that act prescribes the condition of the bond
in a case cognizable by a justice of the peace.   This is

found in the 18th page of the Digest. In page 512, is the 15th section of the same act, providing that justices of the peace, or of the quorum, for sums above their juris- diction, may issue attachments, returnable to the Superior Court, if the plaintiff comply with the requisitions of the 5th section. These two sections of this act being so far separated from each other, probably misled the Court below, as the same circumstance did this Court on the first examination of the case. We are of opinion that the bond was in conformity to the statute, and that the judgement must be reversed, and the cause be remanded.

JUDGE SAFFOLD not sitting.

See Laws Ala. 13, 15, 18, 512.